```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-61840-CIV-ZLOCH
```

OFFICE OF THE ATTORNEY
GENERAL, DEPARTMENT OF LEGAL
AFFAIRS, STATE OF FLORIDA,

    Plaintiffs,

vs.                                    **FINAL ORDER OF REMAND**

LAURA L. HESS, ESQ.,
LAURA HESS & ASSOCIATES, P.A.,
HESS KENNEDY CHARTERED, LLC, and
THE CONSUMER LAW CENTER, LLC.,

    Defendants.
_____/

DANIEL J. STERMER, as Receiver
for Laura Hess & Associates, P.A.,
Hess Kennedy, Consumer Law Center,
Legal Debt Center, Campos Chartered
Law firm, et al.,

    Plaintiffs,

vs.

INTERSERVICE FINANCIAL SOLUTIONS,

    Defendant.
_____/

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    This case was originally filed in the Seventeenth Judicial Circuit, Broward County, Florida. Defendant Interservice Financial Solutions, timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be

brought in federal court.  Specifically, the Notice alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction.  28 U.S.C. § 1332 (2006).

Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.  Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).  In a notice of removal, a defendant's failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court.  Id.

The requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Notice Of Removal (DE 1).  The Notice alleges only that:

> IFS is a Maryland corporation with its principal place of business located in Maryland.  Plaintiff, Daniel J. Stermer is the Receiver for various Florida entities which are registered to do business in the state of Florida. *See* Complaint at ¶ 2. Reports from the Florida Division of Corporation website, www.sunbiz.org., for each of the entities for which DANIEL J. STERMER is the Receiver are attached hereto as Composite Exhibit "B." Thus, diversity jurisdiction exists between the parties.

2

DE 1, pp 4-5.

The Notice lacks any allegation concerning Plaintiff Daniel J. Stermer's citizenship.  The only allegation made regarding him is that he is "the Receiver for various Florida entities which are registered to do business in the state of Florida."  Id.  A receiver's citizenship for diversity purposes is established by reference to his citizenship, not that of the corporations or persons whose interests he represents.  Mitchell v. Maurer, 293 U.S. 237, 238-39 (1934); Fed. Proc., L. Ed. § 1:215. Additionally, if Defendant were pleading the citizenship of such entities it has not done so in a manner that the Court can grasp whether it has jurisdiction over this action.  The Exhibit B referenced above, does not provide the Court with the principal places of business for those entities or their states of incorporation.  It simply notes that they are licensed to do business in Florida and provides a mailing address and owner information.  Neither of which satisfy the pleading requirements of § 1332.  Therefore, because Defendant failed to allege diversity of citizenship and has not met the initial burden of establishing this Court's jurisdiction over the above-styled cause, the Court must remand this action to state court.

The Court notes that the federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) citing

3

Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799).  Therefore, the basis for asserting a federal court's removal jurisdiction must be affirmatively alleged in the notice of removal.  14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3733 (3d ed. 1998 & Supp. 2007).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); see also Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to the Parties' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who

      practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

      Accordingly, after due consideration, it is

      **ORDERED AND ADJUDGED** as follows:

      1. The above-styled cause be and the same is hereby **REMANDED** to state court;

      2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 08-046216; and

      3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_18th\_\_\_ day of November, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 08-046216

5